## BIENVENU v. DERBES et al.

After a separation of property, the dotal effects of the wife cease to be inalienable.

APPEAL from the District Court of St. Martin, *Overton*, J. *Magill*, for the appellant. *Heard*, for the defendants. Dotal property may be alienated after separation of property. C. C. 2410, 2411, 2343, 3490. 8 Rob. 457.

The judgment of the court was pronounced by

KING, J. The plaintiff, who is a married woman, separated in property from her husband, has enjoined the execution of a writ of *fi. fa.* directed against her, alleging: first, that the judgment under which it issued was for a debt due by her husband ; and, secondly, that the sheriff has levied upon her dotal property, which by law is inalienable during the marriage. The injunction was dissolved in the court below, and the plaintiff has appealed.

The judgment under which the writ enjoined was issued, was rendered on the confession of the plaintiff, in 1841. It was for the amount of two promissory notes, executed by her several years after a separation of property·between her and her husband had been decreed, and with the authorization of the latter. Nothing in the record of that suit shews that the debt was due ·by the husband,

but, on the contrary, the petition charges that it was due by the wife; she acknowledged her indebtedness, and, with the authority of her husband, consented that a judgment should be rendered against her. No measures were taken to procure the revision or reversal of that judgment, although more than three years elapsed between its rendition and the issuing of the writ enjoined; nor was any evidence adduced on the trial of the present suit in support of the plaintiff's allegation that the debt was due by her husband. We do not therefore deem it necessary to enquire whether, after having suffered the time to elapse within which she could have sought a revision or reversal of the judgment, she may still resist that judgment on grounds which she could have opposed to the original action.

The second question presented has been settled by the Supreme Court in the case of *Guerin* v. *Rivarde*, 8 Rob. 457. It was then determined that, after a separation of property, the dotal affects of the wife cease to be inalienable. *Judgment affirmed.*